IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HODSDON, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>BRIGHT HOUSE NETWORKS, LLC,<br><br>　　　　　　　Defendants. | 1:12-cv-1580  AWI JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, ORDER COMPELLING ARBITRATION, and ORDER CLOSING CASE<br><br>(Doc. Nos. 7, 34) |

　　　On February 21, 2013, the Court referred Defendant's motion to compel arbitration, or alternatively to dismiss, to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). See Doc. No. 25. On March 15, 2013, the Magistrate Judge issued a Findings and Recommendation ("F&R") that recommended granting the motion to compel arbitration. See Doc. No. 34. On March 29, 2013, the Plaintiff filed objections to the F&R. See Doc. No. 36.

　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review. Plaintiff states that he does not object to the entirety of the F&R, rather he objects to the conclusion that his Cable Act (47 U.S.C. § 551) claims are not subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.) ("FAA"). See id. Plaintiff contends that under *Kel Homes, LLC v. Burris*, 933 So.2d 699 (Fla. Dist. Ct. App. 2006), the language of the contract at

issue shows that the parties intended to except the Cable Act claim from the arbitration clause.[1] See id.

  *Kel Homes* involved a construction contract. See Kel Homes, 933 So.2d at 701. The construction contract included a broad arbitration clause that applied to "any and all . . . disputes." See id. at 702. The contract also contained a clause relating specifically to defaults, which provided that, if the seller/builder defaulted, "the buyer's sole and exclusive remedy shall be limited to either a suit for specific performance . . . or the return of the deposit." Id. The Florida court noted that the term "suit" generally referred to a lawsuit and not arbitration, and the default clause did not include the term "arbitration." See id. at 702-03. The Florida court also noted that the default clause was a specific clause, and that specific clauses are generally interpreted to trump general clauses. See id. at 703-04. The Florida court then concluded that the default clause provided a specific remedy that was outside the reach of the arbitration clause. See id. at 704. The Florida court affirmed the lower court's refusal to compel arbitration. See id.

  In this case, the arbitration clause covered disputes between Plaintiff and Defendant based on "any dispute," including one based on "statute." See Doc. No. 7-4 at 11. The contract also incorporated by reference a privacy policy. See Doc. No. 7-4 at 11. The privacy policy in turn stated that Plaintiff was "encouraged" to contact Defendant directly to resolve concerns, that Plaintiff "may also enforce the limitations imposed on us by the Cable Act . . . in a federal district court seeking damages . . .", and that "[o]ther rights and remedies may be available . . . under federal or other applicable law as well." Doc. No. 7-6 at 6.

  Plaintiff's argument, that *Kel Homes*'s rationale requires exclusion of the Cable Act claims from arbitration, does have appeal. The privacy policy mentions a specific type of right/dispute, whereas the contract's arbitration agreement is general. Further, the privacy policy does not use the term "arbitration." Nevertheless, the Court cannot agree with Plaintiff. First, the privacy policy's Cable Act clause regarding a lawsuit is not mandatory or exclusive. The clause informs Plaintiff that he "may" bring a lawsuit, it does not provide that a lawsuit is his only remedy or that he is otherwise required to file a lawsuit. In fact, the clause expressly states

---

[1] The contract at issue is governed by Florida law.

that "other remedies" under other laws may be available.[2]  See id.  In contrast, the default clause in *Kel Homes* was narrow and exclusive – the "sole and exclusive" remedies for a default were either a lawsuit for specific performance or the return of the deposit.  See Kel Homes, 933 So.2d at 702.  That is, the *Kel Homes* default clause took a particular type of dispute and expressly limited and defined what the only remedies available were, and arbitration was not included.  The default clause in *Kel Homes* indicated a clear intent to exclude defaults from the arbitration process.  Cf. AT&T Techs. v. Communications Workers of Am., 475 U.S. 643, 657 (1986) ("In the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude [a] claim from arbitration can prevail."); Standard Concrete Prods. v. General Truck Drivers Office, Food, & Warehouse Un. Local 952, 353 F.3d 668, 674-75 (9th Cir. 2003) (holding that arbitration provision pertaining to "any employee having a grievance" was limited to arbitrating specific "employee grievances" and did not encompass entire union related disputes).  The privacy policy's language does none of these things.  Second, the Court finds it significant that the Cable Act requires a cable provider to include notice about a subscriber's rights under 47 U.S.C. § 551(f) to bring a lawsuit.  See 47 U.S.C. § 551(a)(1)(E).  That is, Defendant was required to tell Plaintiff about his ability to bring a lawsuit under the Cable Act.  In contrast, the default clause in *Kel Homes* appears to be unique and not required by any statute.  Third, as indicated above, the contract's arbitration clause itself is quite broad.  By including "any dispute" based on a "statute," the arbitration clause would include Cable Act claims.  Plaintiff has not cited authority that exempts 47 U.S.C. § 551 from the reach of the FAA.  Cf. Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 727 (finding that 47 U.S.C. § 207 claim was subject to the FAA even though § 207 provided that an aggrieved person "may bring suit . . . in any district court of the United States") with 47 U.S.C. § 551(f) (an aggrieved person "may bring a civil action in a United States district court . . . .").

Given the permissive and "non-exclusive" language of the privacy policy clause, the Cable Act's requirement that a cable subscriber be informed of 47 U.S.C. § 551(f)'s lawsuit provision, and the broad arbitration clause in this case, it is not at all apparent that the parties

---

[2] The Court is unaware of a reason why the FAA or arbitration would not fit within these "other remedies."

intended to exclude Cable Act claims from arbitration.  Cf. AT&T Techs., 475 U.S. at 657; Standard Concrete, 353 F.3d at 674-75.  Because there is a presumption in favor of arbitration, the Court is required to resolve any doubts concerning the scope of arbitrable issues in favor of arbitration.  See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985); Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1284-85 (9th Cir. 2009).  Therefore, the Court resolves any doubt it may have in this case in favor arbitration.  See AT&T Techs., 475 U.S. at 657; Comedy Club, 553 F.3d at 1284-86.

Having carefully reviewed the entire file and Plaintiff's objections, the Court finds that the F&R is supported by the record and proper analysis.  Plaintiff's objections are overruled.  See Comedy Club, 553 F.3d at 1284-86.

However, the F&R recommended that the Court stay this case and retain jurisdiction in order to confirm the arbitration award and enter judgement for the purpose of enforcement.  Once a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration.  Lewis v. UBS Financial Servs., Inc., 818 F.Supp.2d 1161, 1165 (N.D. Cal. 2011); Luna v. Kemira Specialty, Inc., 575 F.Supp.2d 1166, 1178 (C.D. Cal. 2008); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).  In this case, all of Plaintiffs' claims appear to be covered by the broad arbitration agreement.  Because all of the claims are subject to arbitration, the Court declines to stay this matter or retain jurisdiction to enter an arbitration award.  Instead, the Court will close this case.  See Lewis, 575 F.Supp.2d at 11165, 1169.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The March 15, 2013, Findings and Recommendation is ADOPTED consistent with this order;
2. Defendant's motion to compel arbitration (Doc. No. 7) is GRANTED;
3. Within 30 days of service of this order, the parties are to meet and confer and use best efforts to agree upon an arbitrator, location for arbitration, and rules for arbitration;

4


4. If the parties are unable to select an arbitrator, rules for arbitration, and location for arbitration, then within 45 days of this order, each party shall select one arbitrator, and the two selected arbitrators will then select a third arbitrator, and those three arbitrators will then determine the location and the rules by which arbitration occurs; and

5. The Clerk shall CLOSE this case in light of the ordered arbitration.

IT IS SO ORDERED.

Dated:   April 10, 2013

_____
SENIOR DISTRICT JUDGE